UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re: CAROL CHRISTI COBB,

        Debtor,
_____/

HANK M. SPACONE,

        Appellant,            NO. CIV. S-10-587 FCD

   v.                     MEMORANDUM AND ORDER

DEUTSCHE BANK TRUST COMPANY,

        Appellee.
_____/

----oo0oo----

    This matter is before the court on appellant Hank M.
Spacone's ("Spacone" or "appellant"), acting in his capacity as
trustee for the Estate of Cobb, appeal of the bankruptcy court's
dismissal of his original adversary complaint and his first
amended adversary complaint on December 29, 2009 and March 1,

1

2010 respectively.[1]  Appellant names Deutsche Bank Trust Company

Americas ("Deutsche Bank") and Aurora Loan Services LLC

("Aurora") as appellees in his opening brief to this court.[2]  The

court has reviewed the parties' briefs and underlying record and

by this order, issues its decision AFFIRMING the bankruptcy

court's dismissal of the First Amended Adversary Complaint

("FAAC").

## BACKGROUND

On or about January 7, 2007 Carol Christi Cobb ("Cobb")

executed loan documents with BrooksAmericia Mortgage Corporation

for a deed of trust on property at 6405 Kenneth Avenue in

Orangevale, California.  (Appellant's Opening Br. ["Opening

Br."], filed July 18, 2010, at 4).  The loan was a refinance

transaction in the amount of $1,100,000.00, and was subsequently

sold into a loan pool.  (Id.; Appellees' Answering Br.

["Appellees' Br."], filed Aug. 2, 2010, at 5).[3]  Deutsche Bank

served as trustee for the securitization of the loan, and Aurora

serviced the loan.  (ER at 275, 295).

On December 16, 2008, Cobb sent a letter to Aurora, which

---

[1]     Because the court finds that oral argument will not be
of material assistance, it orders this matter submitted on the
briefs.  E.D. Cal. L.R. 230(g).

[2]     The court will refer to Deutsche Bank and Aurora
collectively as "appellants"; however, the court notes that
Aurora was not named in appellant's FAAC.  As such, appellant
effectively waived his claims against Aurora.

[3]     The appellees cite to the First Amended Adversary
Complaint ["FAAC"], dated Jan. 7, 2010, which is contained in
Appellees' Excerpts of Record and Supplemental Excerpts of Record
["ER"], filed Aug. 2, 2010, at 291-92, 319-36.  When citing to
the record the court will cite to the full record submitted by
Appellees as "ER".

1   she asserts was a notice of rescission of the loan transaction.
2   (Opening Br. at 4).  On March 24, 2009 Deutsche Bank rejected
3   Cobb's rescission request.  (ER at 302).  On March 29, 2009, Cobb
4   filed a lawsuit in the Eastern District of California against
5   Deutsche Bank and Aurora seeking rescission and damages.  (ER at
6   2).  On March 30, 2009, Cobb filed for Chapter 7 Bankruptcy.
7   (Id.).  The Honorable William B. Shubb granted appellees' motion
8   to dismiss the lawsuit on June 25, 2009, concluding that Cobb no
9   longer had legal standing to pursue a case in Federal District
10  Court as a debtor in a Chapter 7 Bankruptcy.  (Id. at 2, 61-66).

11      Spacone, in his capacity as Trustee for the Estate of Cobb,
12  initiated an adversary proceeding against appellees on July 21,
13  2009 alleging violations of the: (1) Truth in Lending Act
14  ("TILA"), 15 U.S.C. § 1635; (2) Rosenthal Fair Debt Collection
15  Practices Act {"RFDCPA"), Cal. Civ. Code § 1788, et. seq.; and
16  (3) California Business & Professions Code § 17200 for unfair
17  competition ("Unfair Competition Law" or "UCL").  On December 29,
18  2009 the bankruptcy court granted appellees' motion to dismiss
19  with leave to amend. (ER at 287).

20      The FAAC was filed on January 7, 2010 against appellee
21  Deutsche Bank[4] alleging the same three violations contained in
22  the original adversary complaint as well as three additional
23  causes of action for: (1) negligence; (2) civil conspiracy; and
24  (3) breach of the covenant of good faith and fair dealing.  (ER
25  at 289).  Deutsche Bank moved to dismiss all six causes of
26  action, (ER at 362-92), and the bankruptcy court granted the

27  ─────────────
28      [4]   Aurora was not listed in the caption or referred to as
    a defendant in the FAAC.  (ER 289-361).

motion without leave to amend in a minute order dated March 1,
2010.  (ER 425-28).

On March 10, 2010, Spacone filed a notice of appeal
specifically noting the March 1, 2010 dismissal of the FAAC.  (ER
at 429).  Appellant filed the opening brief in the instant action
on July 18, 2010.

**STANDARD**

A district court's standard of review over a bankruptcy
court's decision is identical to the standard used by circuit
courts reviewing district court decisions.  See In re Baroff, 105
F.3d 439, 441 (9th Cir. 1997).  Thus, the bankruptcy court's
factual findings are reviewed for clear error, and its
conclusions of law are reviewed de novo.  See Fed. R. Bankr. P.
8013; In re Southern Cal. Plastics, Inc., 165 F.3d 1243, 1245
(9th Cir. 1999).

**ANALYSIS**[5]

**A.    Claims and Parties at Issue on Appeal**

Appellees assert that the claims resolved in the December
29, 2009 bankruptcy court order and all claims against defendant
Aurora have been released by appellant's failure to file timely
appeal of that order and by appellant's failure to reallege such

---

[5]    The court notes that appellant only raises issues
concerning the bankruptcy court's dismissal of the first three
causes of action in the FAAC for violations of: (1) TILA; (2)
RFDCPA; and (3) California Business & Professions Code § 17200.
(See Opening Br.).  Therefore, the court will not consider the
bankruptcy court's dismissal of the other three causes of action
in the FAAC.  See Pineda-Palacios v. INS, 2000 WL 60178 (9th Cir.
2000) (citing Martinez-Serrano v. INS, 94 F.3d 1256, 1260 (9th
Cir. 1996) (noting that it is well established that claims that
are not addressed in a petitioner's opening brief are considered
waived)).

1   claims in the amended adversary complaint.  Appellant argues that
2   he is entitled to appeal the December 29th order because it was
3   not a final judgment.  (Appellant's Reply Br. ["Reply Br."],
4   filed Sep. 28, 2010, at 1-3).

5       It is a well established rule in the Ninth Circuit that a
6   plaintiff waives all causes of action alleged in the original
7   complaint which are not alleged in the amended complaint.  <u>London</u>
8   <u>v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981).  Claims
9   against a defendant included in the original complaint can also
10  be waived when the plaintiff fails to state claims against the
11  defendant in the amended complaint.  <u>See</u> <u>Teal v. Vargo</u>, 9 Fed.
12  Appx. 718, 719 (9th Cir. 2001)(holding that the plaintiff waived
13  his claims against various defendants who were included in the
14  original and first amended complaints by failing to state claims
15  against them in his second amended complaint); <u>Hal Roach Studios,</u>
16  <u>Inc. v. Richard Feiner and Co., Inc.</u>, 896 F.2d 1542, 1546 (9th
17  Cir. 1989)("The fact that a party was named in the original
18  complaint is irrelevant; an amended pleading supersedes the
19  original.").

20      Because the appellant failed to state claims against Aurora
21  in his FAAC, his claims against Aurora were waived and will not
22  be considered in this appeal.  Further, despite references to
23  rescission generally, appellant did not expressly include a claim
24  for rescission in the FAAC.  As such, this claim is waived.[6]  The

25

26      [6]   The court notes, however, that the Ninth Circuit has
    held that rescission under TILA "*should* be conditioned on
    repayment of the amounts advanced by the lender."  <u>Yamamoto v.</u>
27  <u>Bank of N.Y.</u>, 329 F. 3d 1167, 1170 (9th Cir. 2003) (emphasis in
    original).  District courts in this circuit have dismissed
28  rescission claims under TILA at the pleading stage based upon the

remaining causes of action against Deutsche Bank in the original complaint were included in the FAAC.  Because the appellant raised the same issues in his appeal of the March 1, 2010 order as those addressed in the December 29, 2009 order, the court need not consider whether the first bankruptcy order is a final judgment before addressing the merits of each of these claims.

**B.    Truth in Lending Act**

   **1.    Notice of Right to Cancel**

   The bankruptcy court concluded that appellant failed to state a claim under TILA based upon the alleged failure of Deutsche Bank to provide two copies of the Notice of Right to Cancel at the origination of the loan.  Specifically, the bankruptcy court held that appellant's written acknowledgment of receipt of these copies, referred to by Cobb in her complaint and submitted by Deutsche Bank in support of its motion to dismiss, created a rebuttable presumption of receipt.  The bankruptcy court further concluded that the FAAC failed to allege facts that would rebut that presumption, and thus, appellant did not state a viable TILA violation based upon the failure to provide two copies of the Notice of Right to Cancel.

   15 U.S.C. § 1635(c) provides that "[n]ot withstanding any rule of evidence, written acknowledgment of receipt of any

---

plaintiff's failure to allege an ability to tender loan proceeds.  See, e.g., Garza v. Am. Home Mortgage, 2009 U.S. Dist. LEXIS 7448, at *15 (E.D. Cal. Jan. 27, 2009) (stating that "rescission is an empty remedy without [the borrower's] ability to pay back what she has received"); Ibarra v. Plaza Home Mortgage, 2009 U.S. Dist. LEXIS 80581, at *22 (S.D. Cal. Sept. 4, 1009); Carnero v. Weaver, 2009 U.S. Dist. LEXIS 62665, at *8 (N.D. Cal. July 20, 2009); Pesayco v. World Sav., Inc., 2009 U.S. Dist. LEXIS 73299, at *4 (C.D. Cal. July 29, 2009); Ing Bank v. Korn, 2009 U.S. Dist. LEXIS 73329, at *7 (W.D. Wash. May 22, 2009).

disclosures required under this subchapter by a person to whom
information, forms, and a statement is required to be given
pursuant to this section does no more than create a rebuttable
presumption of delivery thereof."  In applying this statutory
section at the pleadings stage, numerous district courts have
granted motions to dismiss where the lender has submitted written
acknowledgment of receipt of Notices of the Right to Cancel from
the debtor and the debtor has failed to allege facts or submit
documentation to rebut the presumption.  (ER at 426) (citing
Banderas v. Countrywide Bank, N.A., 2009 WL 4783142, *3 (S.D.
Cal. Dec. 10, 2009); see Ozuna v. Home Capital Funding, 2009 WL
4544131 (S.D. Cal. Dec. 1, 2009); Curcio v. Wachovia Mortg.
Corp., 2009 WL 3320499 (S.D. Cal. Oct. 14, 2009); Bunqueno v.
GMAC Bank, 2009 WL 2219282 (D. Ariz. July 23, 2009); Quintos v.
Decision One Mortg. Co., LLC, 2008 WL 5411636 (S.D. Cal. Dec. 29,
2008).  In Balderas v. Countrywide Bank, N.A., the court granted
the defendants' motion to dismiss the plaintiff's TILA claim
despite the allegation that the plaintiff only received partially
completed notices from the lender, which were attached to the
complaint.  2009 WL 4783142 *4 (S.D. Cal. Dec. 10, 2009).  In
support of their motion to dismiss, the defendants submitted a
fully executed Notice of the Right to Cancel, including written
acknowledgment that the plaintiff had received the requisite
copies.  The court reasoned that the written acknowledgment of
receipt was prima facie proof of delivery and that the
presumption cannot be rebutted by allegations in the complaint,
unless additional evidence is provided to support the
allegations.  Accordingly, in the absence of such factual

7

support, the court dismissed the plaintiff's TILA claim.

In this case, appellant acknowledged that Deutsche Bank had in its possession a Notice of Right to Cancel that was signed and dated by the debtor. (ER at 297). Appellant did not dispute the authenticity of the documents, instead she argued that she never received the completed copies and that she only received the blank copy of the Notice of Right to Cancel that she attached to the FAAC. (Id.). The bankruptcy court considered the fully executed notice proffered by appellees and found that the FAAC and the blank notice submitted by the appellant did not rebut the presumption of delivery. (ER at 426-427). Like the plaintiff in Balderas, appellant did not sufficiently rebut the presumption of delivery established by a fully completed and signed right to cancel notice because he did not provide any additional factual support to the bankruptcy court.

The court concludes that the bankruptcy court properly considered the signed notice in the instant case because appellant referenced the signed notice in the FAAC and he did not dispute the authenticity of the document. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that facts which are not alleged on the face of the complaint or in an attached document cannot be considered in a motion to dismiss, unless the "plaintiff's claim depends on the contents of a document, defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document."). Further, because appellant never disputed the authenticity of the Notice of Right to Cancel submitted by appellee, appellant's reliance on Morris v. Countrywise et. al., 2010 WL 761318 (N.D.

8

Cal Mar. 3, 2010), is misplaced.  In <u>Morris</u>, the court noted that there was an underlying factual dispute as to the authenticity of the signed notices of the right to cancel.  The court did not grant the defendant's motion to dismiss because it could not properly consider the signed documents.  <u>Id.</u> at *4.  However, in this case, plaintiff expressly refers to the written acknowledgment of the Notice of Right to Cancel and "presumes that the Original Notice of Right to Cancel in possession of the Defendant is complete with a proper signature and dates completed." (ER at 297).  As such, the factual dispute regarding authenticity important to the court's conclusion in <u>Morris</u> is not present in this case.

Based upon the record in this case, the court cannot conclude that the bankruptcy court erred in dismissing appellant's FAAC on the ground that he did not sufficiently rebut the presumption of delivery.  Therefore, the court affirms the bankruptcy court's finding that appellant did not allege a TILA violation in the FAAC.

**2.  Damages for Failure to Rescind**

The bankruptcy court concluded that appellant failed to state a claim for damages based upon Deutsche Bank's failure to timely respond to the notice of rescission.  Appellant asserts that the bankruptcy court erred because it did not allow appellant to demonstrate, for damages purposes, the acts of Appellees which forced Cobb to file bankruptcy. (Opening Br. at 11).  Appellees argue that damage liability related to rescission can only arise if appellant proved his right to rescind. (Answer at 15).  Because Cobb acknowledged receipt of two notices of her

9

right to cancel the loan, her right to rescind expired three days after the loan closed in 2007 and, as such, the letter Cobb sent in December 2008 purporting to be a notice of rescission was null since she could no longer exercise her right to rescind.  (Id.)

The right to rescind is established in 15 U.S.C. § 1635(a) and provides that "the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later."  The implementing regulation under TILA "Regulation Z" also provides for the right to rescind until midnight of the third business day; however, in cases where material disclosures are not delivered Regulation Z extends the right to rescind to three years after the consummation of the loan, until the transfer of all the consumer's interest, or upon sale of the property, whichever occurs first.  12 C.F.R. § 226.23(a)(3).

TILA and Regulation Z do not set forth requirements for rejecting a rescission notice that the creditor believes to be invalid.  See 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23.  Rather, the statutes set forth actions for the creditor to take when a valid notice of rescission is received.  See id.

In this case, in the absence of a TILA violation, the appellant was only able to rescind for three days following the consummation of the loan.  Id.  Appellant consummated the loan on July 1, 2007 and did not send her notice of rescission until December 16, 2008, well beyond the three day time period.

10

Because, as set forth above, appellant has not sufficiently alleged a TILA violation based upon the failure to receive two copies of the Notice of Right to Cancel, the bankruptcy court did not err in dismissing appellant's damages claim because the rescission notice sent by Cobb on December 16, 2008 was invalid and did not require response.[7]  Because appellees cannot be held liable for their failure to respond to an invalid rescission letter, the court affirms the bankruptcy court's dismissal of appellant's TILA damages claim.

**C.    Rosenthal Fair Debt Collection Practices Act**

The bankruptcy court also concluded that appellant failed to state a claim under the RFDCPA.  Appellant argues that the bankruptcy court erred in dismissing her RFDCPA claim because Cobb exercised her right under the RFDCPA for appellees not to contact her and they did not comply.  (Opening Br. at 17). Appellees assert that the FAAC does not allege that Deutsche Bank is a debt collector for the purposes of RFDCPA.  (Answer at 18). Appellees argue that appellant only raises conduct on the part of

---

[7]    Appellant's reliance on this court's decision in <u>Gates v. Wachovia</u>, 2010 WL 902818 (E.D. Cal. Feb. 19, 2010), is misplaced as the allegations and arguments raised in that case are distinguishable from the allegations and arguments raised in the instant case.  Importantly, in <u>Gates</u>, due to the ambiguity in the plaintiff's complaint, the defendant first challenged the plaintiff's TILA claim for damages in its reply.  The defendant did not argue that the alleged rescission letter was invalid as outside the 3 day SOL; rather, it argued that the rescission letter was not sufficiently "clear and unequivocal."  As such, the court did not address whether a damages claim could be asserted based upon a letter sent after the applicable statute of limitations.  Indeed, based on the allegations and arguments before it, the court never addressed whether the plaintiff had acknowledged receipt of two fully executed copies of the Notice of Right to Cancel and the effect of such acknowledgment on any of the TILA claims.

Aurora and that appellant does not allege any facts to support an agency relationship between Aurora and Deutsche Bank beyond statements referring to Aurora as Deutsche Bank's agent.  (<u>Id.</u>).

The RFDCPA precludes a debt collector from collecting or attempting to collect from a debtor on a consumer debt in a threatening or harassing manner.  <u>See</u> Cal. Civ. Code § 1788 et seq.  Specifically, the RFDCPA prohibits threats, obscenity, misleading or false communications, and overreaching.  <u>Id.</u> at §§ 1788.10-.12, 1788.14-.16.  The RFDCPA defines a debt collector as "any person who in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection."  <u>Id.</u> § 1788.2(c).

Numerous courts within the Ninth Circuit have concluded that foreclosure pursuant to a deed of trust is not the collection of a debt within the meaning of the RFDCPA.  <u>Lal v. American Home Servicing, Inc.</u>, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010); <u>Izenberg v. ETS Servs., LLC</u>, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); <u>see</u> <u>Wilson v. JPMorgan Chase Bank, NA.</u>, No. CIV. 2:09-863 WBS GGH, 2010 WL 2574032, *10 (E.D. Cal. June 25, 2010); <u>Chernik v. Bank of America Home Loans</u>, No. 2:09-cv-02746 JAM-DAD, 2010 WL 3269797, *3 (E.D. Cal. Aug. 18, 2010); <u>Ricon v. Recontrust Co.</u>, No. 09-937, 2009 WL 2407396, at *4 (S.D.Cal. Aug. 4, 2009) (dismissing with prejudice plaintiff's unfair debt collection claims in foreclosure case); <u>Pittman v. Barclays Capital Real Estate, Inc.</u>, No. 09-0241, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) (dismissing with prejudice plaintiff's Rosenthal Act claim in foreclosure case because a "residential mortgage loan does not qualify as a 'debt' under the statute");

<u>Gallegos v. Recontrust Co.</u>, No. 08-2245, 2009 WL 215406, at \*3
(S.D. Cal. Jan. 28, 2009) (dismissing RFDCPA claim in foreclosure
case).   Further, several courts within this Circuit have also
concluded that in mirroring certain provisions of the Federal
Debt Collection Practices Act ("FDCPA"), a mortgage servicing
company or any assignee of the debt is not considered a "debt
collector" under the RFDCPA.   <u>Lal</u>, 680 F. Supp. 2d at 1224
(citing <u>Nool v. HomeQ Servicing</u>, 653 F. Supp. 2d 1047, 1053 (E.D.
Cal. 2009); <u>Olivier v. NDEX West, LLC</u>, No. 1:09-CV-00099 OWW GSA,
2009 WL 2486314, at \*3 (E.D. Cal. Aug. 10, 2009); <u>Cordova v.
America's Servicing Co.</u>, No. C 08-05728 SI, 2009 WL 1814592, at
\*2 (N.D. Cal. June 24, 2009).

Appellant alleges that Deutsche Bank, as either the owner of
the obligation or through its alleged agent, the loan servicer,
contacted Cobb in connection with a foreclosure pursuant to the
deed of trust.   Under the prevailing law among California
district courts, as a matter of law, Deutsche Bank cannot be
liable for such conduct under the RFDCPA because the foreclosure
is not a debt and neither Deutsche Bank nor Aurora is a debt
collector within the meaning of the statute.

Moreover, appellant's assertions in the FAAC are
insufficient to set forth a claim under the RFDCPA.   Appellant's
FAAC asserts that "Aurora repeatedly contacted plaintiff
attempting to collect the debt" and that Aurora "repeatedly sent
persons to her home that knocked on [Cobb's] door requesting
information or access to the property."   (ER at 306).   While
appellant's original adversary complaint contained similar broad
allegations, the FAAC provides a little more specificity by

13

referring to four phone calls, with dates and times listed, as well as one date where a person hired by Aurora requested access to the property to conduct a broker price opinion.  (<u>Id.</u>).  Appellant refers to the listed dates and times as a "partial list," but does not provide any more information about the contacts.  (<u>Id.</u>)  Indeed, appellant does not allege any facts to show that these contacts were made in a threatening or harassing manner, which could constitute a violation of RFDCPA.  (<u>See</u> <u>Id.</u>).

Finally, appellant's theory of liability for Deutsche Bank is premised on Aurora acting as its agent in the debt collection; however, appellant only fleetingly refers to an agency theory in his FAAC by stating that Deutsche Bank is liable "by and through its agent, Aurora."  (<u>Id.</u>).  However, appellant failed to allege any facts to show how Deutsche Bank authorized any other defendant or party to represent and/or bind it.  Plaintiffs must allege such facts to sufficiently apprise defendants of the nature of the agency relationship.  <u>See</u> <u>J.L. v. Children's Institute, Inc.</u>, 177 Cal. App. 4th 388, 403-404 (2009).

Based upon the record before it, this court cannot conclude that the bankruptcy court erred by finding that appellant did not state a claim under RFDCPA.  Therefore, the court affirms the bankruptcy court's dismissal of appellant's RFDCPA claim.

///

///

///

14

1   **D.   Unfair Competition Law**[8]

2         The bankruptcy court also dismissed appellant's claims under

3   the UCL because appellant did not state claims under TILA or

4   RFDCPA.   Because his claims are premised upon the alleged

5   violations of TILA and RFDCPA, appellant argues that if the court

6   should overturn any portion of his TILA or RFDCPA claims then it

7   should also overturn the dismissal of the UCL claims.   (Opening

8   Br. at 19).

9         UCL forbids acts of unfair competition, which includes "any

10  unlawful, unfair or fraudulent business act or practice."   Id. §

11  17200.   UCL "incorporates other laws and treats violations of

12  those laws as unlawful business practices independently

13  actionable under state law."   Plascencia v. Lending 1st Mortgage,

14  583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008); see also Farmers

15  Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992).

16  "California's UCL has a broad scope that allows for 'violations

17  of other laws to be treated as unfair competition that is

18  independently actionable' while also 'sweep[ing] within its scope

19  acts and practices not specifically proscribed by any other

20  law.'"   Hauk v. JP Morgan Chase Bank U.S.A., 552 F.3d 1114 (9th

21  Cir. 2009) (internal citations omitted).   "Violation of almost

22  any federal, state, or local law may serve as the basis for a UCL

23

24  _____

25        [8]   The bankruptcy court dismissed appellant's claims
    because it determined that appellant had not sufficiently plead
26  that she had standing because she did not plead an injury in
    fact.   (ER at 428).   Because appellant does not address the
27  bankruptcy court's conclusion that he lacked standing to bring
    unfair competition claims or respond to appellee's argument
28  concerning standing in the briefing before this court, the court
    concludes that appellant does not challenge the bankruptcy
    court's conclusion with respect to standing.

15

claim." <u>Plascencia</u>, 583 F. Supp. 2d at 1098 (citing <u>Saunders v.</u>
<u>Superior Court</u>, 27 Cal. App. 4th 832, 838-839 (1994)).

Because as set forth above, the court concludes that the bankruptcy court did not err in dismissing appellant's TILA and RFDCPA claims, the court also concludes that the bankruptcy court did not err in dismissing the corollary UCL claims. Therefore, the court affirms the bankruptcy court's dismissal of appellant's UCL claims.

### CONCLUSION

For the foregoing reasons, the bankruptcy court's dismissal of appellant's FAAC without leave to amend is AFFIRMED.

IT IS SO ORDERED.

DATED: November 23, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE